IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA
Plaintiff,

v.

Case No. 5:21-cr-76-JA/PRL

EDDIE JOE OGLESBY Jr.
Defendant

EMERGENCY MOTION TO DISMISS COUNSEL

The Defendant Eddie Oglesby Pro Se hereby motions this Honorable Court for an Emergency to Dismiss Counsel based upon the following:

I. Case law

The Defendant while still on the pretrial phase of his case, notes several discrepancies that involves now current counsels (or lack there of), as it pertains to the preperation for trial and his ineffective assistance (and prejudicial comments) that (per se) may qualify as a Strickland and ethics violation in presentation of a valid defense. Due to the impeding nature of the commencement of trial the Defendant hereby provides the emergency stipulation.

Ineffective assistance of counsel constitutes a violation of a defendants Sixth Amendment right and is a claim of a constitutional violation. Strickland v. Washington, 466 US 688, 684-86, 104 S.Ct 2052, 2063-64 (1984). To prevail on an ineffective assistance of counsel claim, a petitioner musts show (1) his counsels performance was deficient and (2) the deficient performance prejudiced his defense. ID. For deficient performance a petitioner must demonstrate that his counsels representation "fell below an objective standard of reasonableness". ID at 688, 104 S.Ct 2052. And for prejudice, a petitioner must establish "a reasonable probability that, but for counsel's unprofessional errors (emphasis added), the result of the proceeding would have been different." Padilla v. Kentucky, 559 US 356, 366, 130 S.Ct 1473, 176 L.Ed.2d. 284 (2010)(quoting Strickland, 466 US at 694, 104 S.Ct 2052).

Reasons "Counsel" is Defective and Completely Ineffective

1. To date, counsel has provided "zero" discovery while the Defendant was raided and incarcerated.
2. Defendants prior attorney was able to contact potiential witnesses and was planning to subpoena them for trial. Where as new counsel has yet to subpoena any witnesses but has refused to even attempt to locate and contact them in which may exonerate the defendant at trial.
3. The Defendant (for appeal purposes) has requested counsel to file motions addressing Fourth Amendment Suppression issues and other relevant motions that pertain to the ultimate defense of the multiple violations of the Defendants constitutional rights.
4. Counsel has NOT been informative to the proceedings and the procedures of pre-trial related information.
5. Defendant does not understand multiple aspects of the criminal procedure brought against him. Counsel has yet to explain anything to sufficiently support his position that he does indeed or convinced that he has the Defendants best interests at hand. Defendant feels the AUSA and counsel are working in liason with each other to circumvent the Defendants chances of a fair trial.
6. Counsel did NOT subpoena records to support his past medical history of incompetency, which were supposed to be provided as part of the record to the doctor doing the mental health assessment.
7. Defendant believes Counsel called the doctor during the competency evaluation and fraudualenty advised her that the defendant was "malingering" his competency evaluation. Suspiciously, noone has yet to advise who the informant was that was making the accusations or aka the defense attorney.

8. Due to the ineffective nature of counsel, the Defendant has requested for the past several months for him to dismiss himself from representation. Counsel has explained that "no reason" exists, however herein is a magnitude of reasons.

9. On August 27, 2022 the Defendant and counsel were scheduled to meet together at the Marion County Jail. At the meeting, Defendants counsel was attempting to coerce the Defendant into waiving his right to a Speedy Trial because Counsel "Had to attend his daughters wedding" and he has a "busy, overabundant amount of cases" that he seemed behind on. When Defendant objected to the waiver counsel called AUSA Hamilton and in front of his client informed the AUSA that the Defendant "was an idiot", not just once but multiple times.

10. Due to the severance of the attorney-client relationship and the misplaced trust of counsel (on levels of impeccable harm). There is NO way and due to the current circumstance, that this Counsel can accurately represent the Defendant and he must be dismissed from the proceeding.

Conclusion of the Motion

If the Court deny's the Defendants motion to dismiss counsel, the Defendant still wishes to assert his right to a Speedy Trial and will raise the issue of ineffective assistance of counsel on direct appeal and the ethics violations to the Florida Bar. If the Court grants his motion to dismiss counsel the defendant waives his right to a Speedy Trial so that new counsel may be given adequate time to present an adequate defense. Based on the following the Defendant hereby requests this Honorable Court to grant his motion to dismiss counsel and any other relief this Court finds meet and proper.

Respectfully Submitted,

Eddie Joe Oglesby Jr.
Eddie Oglesby / Pro Se

I EDDIE OGLESBY declare under the penalty of perjury 28 USC § 1746 that the following statement of facts is true and correct dated day of 28, month of August, year of 2022.

Eddie Joe Oglesby Jr.
Eddie Oglesby

Due to the mild retardation of the Defendant and his inability to read or write, the motion here was curated with the help of a fellow inmate - Isaiah 10:1-4 (All information herein was provided by Mr. Oglesby).