B1

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA

vs.                                          Case No. 5:21-cr-76-JA-PRL

EDDIE JOE OGLESBY, JR.

---

## COURT'S INSTRUCTIONS TO THE JURY

Members of the Jury:

It is my duty to instruct you on the rules of law that you must use in deciding this case. After I have completed these instructions, you will go to the jury room and begin your discussions—what we call your deliberations.

You must decide whether the Government has proved the specific facts necessary to find the Defendant guilty beyond a reasonable doubt.

B2.1

Your decision must be based only on the evidence presented during the trial. You must not be influenced in any way by either sympathy for, or prejudice against, the Defendant or the Government.

You must follow the law as I explain it—even if you do not agree with the law—and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a Defendant is not evidence of guilt. The law presumes every Defendant is innocent. The Defendant does not have to prove his innocence or produce any evidence at all. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find the Defendant not guilty.

B3

The Government's burden of proof is heavy, but the Government does not have to prove a Defendant's guilt beyond all <u>possible</u> doubt. The Government's proof only has to exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you have carefully and impartially considered all the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

B4

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and is not binding on you.

You should not assume from anything I have said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts. Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact.

You should not be concerned about whether the evidence is direct or circumstantial. There is no legal difference in the weight you may give to either direct or circumstantial evidence.

B5

When I say you must consider all the evidence, I do not mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point does not necessarily matter.

To decide whether you believe any witness, I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

B6.4

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And, ask whether there was evidence that at some other time a witness said or did something, or did not say or do something, that was different from the testimony the witness gave during this trial.

But, keep in mind that a simple mistake does not mean a witness was not telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance may depend on whether the misstatement is about an important fact or about an unimportant detail.

A defendant has a right not to testify. But since the Defendant did testify, you should decide whether you believe the Defendant's testimony in the same way as that of any other witness.

Evidence that a defendant was previously convicted of a crime is not evidence of guilt of the crimes at issue in this trial. But, you may consider this evidence in deciding whether you believe the Defendant's testimony.

B7

When scientific, technical, or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But, that does not mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

S2.1

If the Government offers evidence that a Defendant made a statement or admission to someone after being arrested or detained, you must consider that evidence with caution and great care.

You must decide for yourself (1) whether the Defendant made the statement, and (2) if so, how much weight to give to it. In making make these decisions, you must consider all the evidence about the statement—including the circumstances under which it was made.

The Government must prove beyond a reasonable doubt that the Defendant was the person who committed the crime.

If a witness identifies a Defendant as the person who committed the crime, you must decide whether the witness is telling the truth. But, even if you believe the witness is telling the truth, you must still decide how accurate the identification is. I suggest that you ask yourself questions:

1. Did the witness have an adequate opportunity to observe the person at the time the crime was committed?

2. How much time did the witness have to observe the person?

3. How close was the witness?

4. Did anything affect the witness's ability to see?

5. Did the witness know or see the person at an earlier time?

You may also consider the circumstances of the identification of the Defendant, such as the way the Defendant was presented to the witness for identification and the length of time between the crime and the identification of the Defendant.

After examining all the evidence, if you have a reasonable doubt that the Defendant was the person who committed the crime, you must find the Defendant not guilty.

S4.2

During the trial, you heard evidence of acts allegedly done by the Defendant on other occasions that may be similar to acts with which the Defendant is currently charged. If you find that the Defendant committed the allegedly similar acts, you may use this evidence to help you decide whether the similarity between those acts and the ones charged in this case suggests that the same person committed all of them.

The Defendant is currently on trial only for the crimes charged in the superseding indictment. You may not convict a person simply because you believe that person may have committed an act in the past that is not charged in the superseding indictment.

S5

You have been permitted to take notes during the trial. Most of you—perhaps all of you—have taken advantage of that opportunity.

You must use your notes only as a memory aid during deliberations. You must not give your notes priority over your independent recollection of the evidence. And you must not allow yourself to be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.

B8

The superseding indictment charges three separate crimes, called "counts," against the Defendant. Each count has a number. You will be given a copy of the superseding indictment to refer to during your deliberations.

Count One charges that the Defendant received child pornography, and Counts Two and Three charge that the Defendant produced or attempted to produce child pornography.

I will now explain these charges in detail.

O83.4A

Count One of the superseding indictment charges the Defendant with violating Sections 2252A(a)(2) and 2252(b)(1) of Title 18 of the United States Code. These laws make it a federal crime to knowingly receive child pornography that has been transported or shipped in interstate or foreign commerce by any means.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1) the Defendant knowingly received an item or items of child pornography;

(2) the item or items of child pornography had been transported or shipped by any means or facility of interstate or foreign commerce; and

(3) when the Defendant received the item or items, the Defendant believed the item or items were child pornography.

It does not matter whether the Defendant knew the child pornography had moved in interstate or foreign commerce. The Government only has to prove that the child pornography actually did move in interstate or foreign commerce.

Counts Two and Three of the superseding indictment charge Defendant with violating Sections 2251(a) and (e) of Title 18 of the United States Code and with attempting to violate those sections. These laws make it a federal crime for any person to produce child pornography—that is, to employ, use, persuade, induce, entice, or coerce a minor to engage in sexually explicit conduct for the purpose of transmitting a live visual depiction of such conduct if the person knows or has reason to know that the visual depiction will be transported or transmitted by any means or facility of interstate or foreign commerce. It is also a crime to attempt to commit this crime, even if the attempt fails.

The Defendant can be found guilty of producing child pornography only if all the following facts are proved beyond a reasonable doubt:

(1) an actual minor, that is, a real person who was less than 18 years old, was depicted;

(2) the Defendant employed, used, persuaded, induced, enticed, or coerced the minor to engage in sexually explicit conduct for the purpose of transmitting a live visual depiction of the conduct; and

(3) the Defendant knew or had reason to know that the visual depiction would be transported or transmitted by any means or facility of interstate or foreign commerce.

While the Government must prove that a purpose of the sexually explicit conduct was to produce a visual depiction, it need not be Defendant's only or dominant purpose.

14

The Defendant can be found guilty of an *attempt* to produce child pornography only if both of the following facts are proved beyond a reasonable doubt:

First: That the Defendant knowingly intended to commit the crime of producing child pornography; and

Second: That the Defendant's intent was strongly corroborated by his taking a substantial step toward committing the crime.

A "substantial step" is an important action leading up to committing of an offense—not just an inconsequential act. It must be more than simply preparing. It must be an act that would normally result in committing the offense.

The term "child pornography" means any visual depiction including any photograph, film, video, picture, or computer or computer-generated image or picture, made or produced by electronic, mechanical, or other means, of sexually explicit conduct where the visual depiction's production involves using a minor engaging in sexually explicit conduct.

The term "visual depiction" includes undeveloped film and videotape, as well as data stored on computer media or by other electronic means that can be converted into a visual image.

The term "computer" means an electronic, magnetic, optical, electrochemical, or other high-speed data-processing device that can perform logical, arithmetic, or storage functions, and includes any data-storage facility or communications facility directly related to or operating in conjunction with that device, but the term does not include an automated typewriter or typesetter, a portable hand-held calculator, or similar devices that are limited in function to only word-processing or mathematical calculations.

To "receive" something simply means knowingly to accept or take possession of something. Receipt does not require proof of ownership.

The term "producing" means producing, directing, manufacturing, issuing, publishing, or advertising.

The term "interstate or foreign commerce" means the movement of

property between different states or between a state and another country.

The term "means or facility of interstate or foreign commerce" includes the internet, a cellular telephone network, and any computerized or electronic communication device. A person who sends or receives an email or electronic text message, or who makes or receives a call using a cellular telephone or a computer, uses a means or facility of interstate or foreign commerce.

The term "State" means a State of the United States, the District of Columbia, and any commonwealth, territory, or possession of the United States.

The term "minor" means any person under 18 years old.

The term "sexually explicit conduct" means actual or simulated:

- sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal contact, whether between persons of the same or opposite sex;

- bestiality;

- masturbation;

- sadistic or masochistic abuse; or

- lascivious exhibition of the genitals or pubic area of any person.

"Lascivious exhibition" means indecent exposure of the genitals or pubic area, usually to incite lust. Not every exposure is a lascivious exhibition. To decide whether a visual depiction is a lascivious exhibition, you must consider the context and setting in which the genitalia or pubic area is being displayed. Factors you may consider include:

- the overall content of the material;

- whether the focal point of the visual depiction is on the minor's genitalia or pubic area;

- whether the setting of the depiction appears to be sexually inviting or suggestive—for example, in a location or in a pose associated with sexual activity;

- whether the minor appears to be displayed in an unnatural pose or in inappropriate attire;

- whether the minor is partially clothed or nude;

- whether the depiction appears to convey sexual coyness or an apparent willingness to engage in sexual activity; and

- whether the depiction appears to have been designed to elicit a sexual response in the viewer.

A visual depiction need not have all these factors to be a lascivious exhibition.

B8.1

Where a statute specifies multiple alternative ways in which an offense may be committed, the indictment may allege the multiple ways in the conjunctive, that is, by using the word "and." If only <u>one</u> of the alternatives is proved beyond a reasonable doubt, that is sufficient for conviction, so long as you agree unanimously as to that alternative.

B9.2

You will see that the superseding indictment charges that a crime was committed "on or about" a certain date. The Government does not have to prove that an offense occurred on an exact date. The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

B10.2

Each count of the superseding indictment charges a separate crime. You must consider each crime and the evidence relating to it separately. If you find the Defendant guilty or not guilty of one crime, that must not affect your verdict for any other crime.

I caution you that the Defendant is on trial <u>only</u> for the specific crimes charged in the indictment. You are here to determine from the evidence in this case whether the Defendant is guilty or not guilty of those specific crimes.

You must never consider punishment in any way in deciding whether the Defendant is guilty or not guilty. If you find the Defendant guilty, the punishment is for the Judge alone to decide later.

B11

Your verdict, whether guilty or not guilty, must be unanimous—in other words, you must all agree. Your deliberations are secret, and you will never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So, you must discuss the case with one another and try to reach an agreement. While you are discussing the case, do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But, do not give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that in a very real way, you are judges—judges of the facts. Your only interest is to seek the truth from the evidence in the case.

B12

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and will speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you have all agreed on the verdict, your foreperson must fill in the form, sign it, date it, and carry it. Then you will return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the marshal. The marshal will bring it to me and I will respond as promptly as possible—either in writing or by talking to you in the courtroom. But I caution you not to tell me how many jurors have voted one way or the other at that time.